The document below is hereby signed.

Signed: May 21, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DEBRA R. RICH, | ) | Case No. 09-00331 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
REQUEST FOR EXIGENT CIRCUMSTANCES WAIVER AND
TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

On exhibit D of the voluntary petition, the debtor has requested a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances (Docket Entry ("DE") No. 2). The debtor's summary of exigent circumstances states that the debtor could not afford the fee and that she is unaware of any free credit counseling services at this time. For reasons explained in more detail below, the court will deny the debtor's request for waiver.

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget

analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within five days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

The debtor's summary of exigent circumstances does not state valid grounds for waiver and the debtor's request for a temporary waiver of the prepetition credit counseling requirement must be denied accordingly.  Rather than describing an exigent circumstance that necessitated the filing of the petition before she could obtain counseling, the debtor's request instead suggests that she considers herself generally unable to obtain

2

credit counseling based upon her inability to pay.[1]  As noted above, even if the court were to grant the debtor a temporary waiver, the exemption applies only for the first thirty days following the filing of the debtor's petition, and the debtor would still be required to obtain the counseling within 30 days after the filing of the petition.  11 U.S.C. § 109(h)(3)(B).

Moreover, even if the debtor had described a valid exigent circumstance that would support the debtor's request for waiver, she has not provided the court with any information regarding her prepetition request or requests to obtain credit counseling, and the court would be unable to grant the debtor's request for a temporary waiver without such information.

The debtor having failed to state exigent circumstances that would justify a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h), it is

ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement (DE No. 2) is DENIED.  It is further

ORDERED that within 10 days after entry of this order the debtor shall show cause, if any she has, by a writing filed with the court, why this case ought not be dismissed based upon the

---

[1] The court notes that, pursuant to 11 U.S.C. § 111(c)(2)(B), although approved counseling agencies may charge a reasonable fee, they are required to provide services without regard to ability to pay the fee.

debtor's ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.