The document below is hereby signed.

Signed: May 22, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
DEBRA R. RICH,               )   Case No. 09-00331
                             )   (Chapter 7)
         Debtor.             )   Not for Publication in
                             )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER
GRANTING APPLICATION TO WAIVE THE FILING FEE

The debtor has filed an amended application for a waiver of the filing fee (Docket Entry ("DE") No. 23), which the court will grant for the reasons stated below.

I

Pursuant to 28 U.S.C. § 1930 as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. 109-8 (effective October 17, 2005), this court

> may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1).

The debtor's amended application indicates that she earns $474 in monthly income, or $5,688 annualized, but has $2,968.32 in monthly expenses for her one-person household.  Her annual income is less than 150% of the applicable poverty guideline figure maintained by the Department of Health and Human Services for a one-person household living in the District of Columbia.[1]  Thus, the debtor has met the first requirement for waiver under 28 U.S.C. § 1930.

To qualify for waiver of the filing fee, the debtor must also demonstrate that she is unable to pay the fee in installments.  Because her monthly expenses far exceed her monthly income and because she only has $74.90 combined in a checking and a savings account, she does not have disposable income or other liquidity with which to pay the filing fee, even in installments.

According to the debtor's application and schedules, however, she does have some equity in her home, which raises the

---

[1] Section 1930(f) specifies that the "official poverty line" figures used for purposes of the chapter 7 fee waiver refer to those "defined by the Office of Management and Budget ["OMB"], and revised annually in accordance with [§] 673(2) of the Omnibus Reconciliation Act of 1981 . . . ."  The Judicial Conference of the United States interprets this language to refer to the poverty guidelines maintained annually by the U.S. Department of Health and Human Services ("HHS") because the OMB has never issued poverty guidelines or thresholds.  Under the most recent HHS guidelines, the poverty line for a one-person family living in the District of Columbia is $10,830 per year, making 150% of the applicable poverty line $16,245.

issue of whether she could pay the filing fee by refinancing her home or selling it. Her application states that the value of her home is $272,000 while her schedules (DE Nos. 8 and 22) indicate a value of $279,480 with a lien in the amount of $217,457.08.

Congress likely intended that an evaluation of the debtor's ability to pay the filing fee in installments is to be based on the debtor's current financial circumstance of how much the debtor is paying on an existing mortgage and other necessary expenses, and not based on the possibility that the debtor could embark on the uncertain and extraordinary path of attempting to raise funds via a refinancing or sale of the property to enable her to raise funds by day 180 of the case with which to pay the filing fee. See In re Taliaferro, 2009 WL 512325 (Bankr. D.D.C. March 2, 2009) (distinguishing home equity from an exempt automobile which can be readily liquidated). The court therefore concludes that absent facts suggesting that either a refinance or sale of the property is planned or underway, which would enable the debtor to pay the filing fee in installments by day 180 of the case, there are no extraordinary circumstances that warrant denying the application based on the equity in the debtor's real property.

II

Notwithstanding the court's ruling, the trustee can conduct an inquiry at the meeting of creditors probing more deeply into

3

whether the fee waiver is warranted.  A fee waiver should be subject to revocation on a motion of the chapter 7 trustee if circumstances demonstrating that a waiver was unwarranted are discovered after due diligence by the trustee during the administration of the case, and promptly brought to the court's attention by the trustee's motion.

                                III

    Accordingly, it is

    ORDERED that the debtor's application is granted, subject, however, to reconsideration upon seasonable motion by the trustee showing that a waiver was unwarranted.

                                        [Signed and dated above.]

Copies to:
Debtor; Chapter 7 Trustee; Office of the United States Trustee.